UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL W. BENNETT**                    **CIVIL ACTION**

**VERSUS**                                **NUMBER 09-295-RET-DLD**

**STRATEGIC RESTAURANTS ACQUISITION COMPANY, L.L.C., ET AL.**

## MAGISTRATE JUDGE'S REPORT

This matter arises from a stabbing at a Burger King drive-thru lane and is before the court on plaintiff's motion to remand (rec. doc. 4). Defendant Strategic Restaurants Acquisition Company, L.L.C. (SRAC) removed the case from state court, alleging diversity jurisdiction under 28 U.S.C. §1332 (rec. doc. 5). The parties do not dispute that the amount in controversy is met. The only issue before the court is whether non-diverse defendant Chemika Ross, who is alleged to be one of the store managers at the Burger King at issue, was improperly joined to destroy diversity jurisdiction.

### Background

On our about April 13, 2008, plaintiff and his fiancé were in the drive-thru lane at the Burger King located at 2192 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana, when another Burger King drive-thru customer began to verbally assault plaintiff and his fiancé. Plaintiff alleges that he got out of his vehicle and asked the other customer to cease the verbal attacks and insults (rec. doc. 1). After some time, the insults ceased, and plaintiff got back into his vehicle. As plaintiff and his fiancé pulled up to the Burger King ordering kiosk, the other customer resumed his verbal assaults and threats. Plaintiff exited his vehicle for the second time and requested that the verbal assaults cease, when he was

stabbed in the chest by the other Burger King customer.  According to plaintiff, no one from Burger King called for assistance either during the altercation or after plaintiff was injured. Plaintiff alleges that his fiancé dragged him into the vehicle and rushed him to the emergency room, where he later underwent emergency surgery and was in a coma for several weeks thereafter.

Plaintiff brought suit against SRAC, as the owner of the Burger King at issue, Chemika Ross, John/Jane Doe, and ABC Insurance Company in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (rec. doc. 1).[1]  Plaintiff alleges that his injuries and resulting damages were caused by the negligence of SRAC and its on-site mangers, Chemika Ross and John/Jane Doe. Id.  Plaintiff contends that SRAC, as the owner of the Burger King at issue, and its managers knew that the Burger King was located in a high crime area and, therefore, had a duty to exercise reasonable care to protect its customers while it was open for business, especially in its outdoor drive-thru.  Plaintiff further contends that the managers, however,  had security present to protect themselves throughout the day when the interior of the restaurant was open, but that they discontinued security to save money  when the interior doors were locked after hours, and the managers were locked safely inside.  Plaintiff  alleges that SRAC and its managers, Chemika Ross and John/Jane Doe, were aware of the incident due to real time audio and video monitoring of its outdoor restaurant, but neither the Burger King management team nor its employees

---

[1] Plaintiff originally brought suit against Burger King, Rosemary Shand, and Chaemeka Ralph in the 19th Judicial District Court, which was later removed to this court (CA 09-174-JVP-SCR).  Defendant Burger King moved to dismiss or remand the action arguing that it was not the proper party defendant and  identified SRAC as the correct owner of the Burger King at issue.  Defendant Burger King also offered evidence indicating that the defendant managers were incorrectly named, but to the extent plaintiff intended to name Rosemary Grant or Chemika Ross, they were not on duty at the time of the incident.  The court granted defendant's motion to dismiss based on the fact that plaintiff named the wrong defendants, including Burger King, Rosemary Shand, and Chaemeka Ralph (CA 09-174, rec. doc. 14). Out of an abundance of caution, plaintiff filed the instant suit naming SRAC,  Chemika Ross, John/Jane Doe, and ABC Ins. Co. , prior to the time plaintiff's suit in 09-174 was dismissed (CA 09-245, rec. doc. 4-2).

did anything to help plaintiff, including calling the police to report the incident or to request assistance. Id.

Defendant SRAC removed this matter on May 14, 2009, based on diversity jurisdiction (rec. doc. 1). Defendant alleges that SRAC is a foreign limited liability company with one member, SRAC Holdings I, Inc. Defendant alleges that SRAC Holdings I, Inc., is a Delaware corporation with its corporate headquarters in California (rec. doc. 7).[2] Although it is not specifically plead in the notice of removal, all parties agree that defendant Ross is a citizen of Louisiana. Defendant SRAC argues that the Louisiana citizenship of non-diverse co-defendant Chemika Ross should be disregarded because she was improperly joined to destroy diversity. In response to the removal, plaintiff filed a motion to remand, which is before the court for a report and recommendation.

**Arguments of the Parties**

Plaintiff contends that defendant has failed to meet its burden of proving that Chemika Ross, one of the Burger King managers, was improperly joined to destroy diversity. Plaintiff states that he has tried to obtain the name of the manager on duty at the time of the incident through discovery, but Burger King has not responded to plaintiff's requests. Nevertheless, plaintiff argues that the store manager was not joined to destroy diversity and that Burger King and SRAC have been on notice (due to similar allegations in CA 09-174) that he intended to bring claims against the store manager(s) based on his/her control, authority, and/or decision making ability over management and operational issues. Plaintiff further argues that the Burger King at issue is located in a high crime area, and both SRAC and its managers owed a duty to protect him from the criminal acts of third-persons (rec.

---

[2] Despite an attempt to correct its allegations of citizenship in its notice of removal, defendant has failed to state specifically the principal place of business of SRAC Holdings I, Inc., but this report does not turn on that issue, which, in all liklihood, could be easily resolved.

doc. 4-2).  Although plaintiff "cannot currently dispute whether [Chemika Ross] was or was not present at the time of the attack," plaintiff argues that she could still be held liable based on her decisions as manager to have "security for the restaurant's patrons who entered the restaurant, versus providing no security for anyone outside of the restaurant" (rec. doc. 4-2). Plaintiff does not dispute that the amount in controversy is satisfied.

Defendant SRAC responds by arguing that diversity of citizenship is satisfied because non-diverse co-defendant Chemika Ross was improperly joined and her citizenship should be disregarded.  Defendant offers the affidavit of Melissa Pisanie', currently the District Manager over the Burger King restaurant at issue, who states that she maintains control over the employee time sheets and punch cards and that Chemika Ross was not working, on duty, or present at the time of the April 13 ,2008, incident (rec. doc. 1. pp. 19-20).  Defendant thus concludes that plaintiff has failed to allege or provide factual support that Chemika Ross is liable due to her own personal fault and, therefore, there is no reasonable possibility that plaintiff can recover against her in state court.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).   Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008).  The

party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy. The amount in controversy is not in dispute in this matter.

Diversity of Citizenship

The removing defendant bears the burden of demonstrating improper joinder. E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Fraud in the pleadings is not an issue in this case. Rather, defendant seeks to prove improper joinder by proving that plaintiff has no reasonable possibility of recovery against Ross because she did not owe a personal duty to plaintiff. Thus, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. When determining improper joinder, the court may look to the facts established by summary judgment evidence as well as controlling state law. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Moreover, the court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of plaintiff. *Guillory*, 434 F.3d at 308.

Defendant SRAC argues that Ross did not owe a personal duty to plaintiffs; therefore, plaintiffs cannot recover against Ross under *Canter v. Koehring*, 283 So.2d 716 (La. 1973).

The Fifth Circuit, in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994), embraced the guidelines as set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), in determining whether personal liability may be imposed on an employee:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;
2. This duty is delegated by the employer to the employee;
3. The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault); and
4. With regard to personal fault, personal liability cannot be imposed upon an employee simply because of this general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate, he is not personally at fault and liable for the performance of this responsibility, unless he personally knows or personally should know of its non- performance or mal-performance and has nevertheless failed to cure the risk of harm.

The burden is on the defendants to show that there is no reasonable possibility of recovery against Ross.

While there generally is no duty under Louisiana law to protect others from the criminal activities of third persons, current Louisiana jurisprudence suggests that a storeowner may have such a duty in two principal situations. First, a storeowner has a duty to implement reasonable measures to protect patrons from a generalized threat of criminal attack when the criminal acts are foreseeable. *Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762, 766 (La. 1999). In determining whether the storeowner has a duty to take precautionary measures in a given case, the foreseeability of the harm, as determined from, *inter alia*, prior incidents, is balanced against the burden of imposing a duty to protect against the criminal attacks of third persons. *Id.*, at 767-68. Under this balancing test, "[a] very high degree of foreseeability is required to give rise to a duty to post security guards, but a lower degree of foreseeability may support a duty to implement lesser security

measures such as using surveillance cameras, installing improved light or fencing, or trimming shrubbery." *Id.*, at 768.

And, second, a storeowner has a duty to respond reasonably when it either knows or should know that a specific individual on its premises poses a probable danger to its patrons. *E.g., Ballew v. Southland Corp.*, 482 So.2d 890, 893 & 894 (La. App. 2nd Cir. 1986). This duty can be discharged by, *e.g.,* summoning the police at the time that the storeowner knows or should reasonably anticipate that the individual poses an unreasonable risk of harm. *See* 482 So.2d at 893.

Thus, SRAC and the Burger King store manager would have a duty to take precautions to protect against a generalized threat if the threat is foreseeable and would have a duty to intervene or respond to a specific threat. Plaintiff has alleged that the Burger King at issue is located in a high crime area and that security guards are on duty during the day. In that case, SRAC and its managers would owe a duty to their patrons to take adequate precautionary measures against the foreseeable threat of criminal activity. Plaintiff's petition contains allegations, which if true, indicate that the store managers, including Ross, are personally responsible for making security-related decisions. Plaintiff alleges as follows:

18.

> Strategic Restaurants Acquisition Company, LLC, owner of the Burger King in question, and its managers Chemika Ross and John/Jane Doe knew that this restaurant was located in a high crime area and should have taken necessary precautions to insure the safety of its customers. This particular location was indeed so crime ridden the managers retained security throughout the day when the interior restaurant is open to protect themselves; but, when the interior store doors are locked and they are safely locked inside, they send security away to save the hourly cost.

(rec. doc. 1, p. 15).

Plaintiff argues in his memorandum that even if defendant Ross was not on duty at the time of the incident, she still could be held to have violated her duty to protect by providing security for inside patrons as opposed to outside patrons (rec. doc. 4-2). Defendant has not offered evidence to show that Ross did not owe a duty to plaintiff either by showing that Ross was not employed as a manager of the Burger King at issue (as opposed to not being there at the precise time of the incident) or that security-related decisions were not made by the store managers, but by someone else.  Thus, taking plaintiff's allegations in the light most favorable to the plaintiff, there is a reasonable basis for predicting that state law might impose liability on Ross, as store manager, for violating of her duty to protect plaintiff from foreseeable harm.

Although Ross, as store manager, may have had a duty to protect against a foreseeable threat of criminal activity, she could not have had a duty to intervene or respond to the specific incident in this case because she was not present at the Burger King when the incident took place, according to the affidavit of its District Manger. ( rec. doc. 1, pp. 19-20).[3]

The court notes that the remaining named defendants John/Jane Doe,  a manager of Burger King, and ABC Ins. Co. are fictitious names; therefore, their citizenship will be

---

[3] Based on plaintiff's allegations that the altercation lasted for some time (long enough for him to get in and out of his vehicle two times), occurred in the drive-thru lane in front of the ordering kiosk, and was monitored by employees by a real time audio and visual system, plaintiff could no doubt name at least someone working at the Burger King at the time of the incident as a defendant were he to find out his identity through discovery; however Ross was not at work or on duty at the time of the incident and was not aware of the incident or under a duty to respond to the specific threat.  Once defendants respond to plaintiff's discovery with the identity of those individuals on duty at the time of the incident, and if plaintiff amends to add any of those individuals as defendants, it is quite likely that they are citizens of Louisiana, also.  Thus, even were jurisdiction present now, the addition of Louisiana citizens as defendants would result in destroying diversity jurisdiction if the amendments were allowed. In that event, the case would be remanded at that time.

disregarded for purpose of removal and determining diversity jurisdiction. See 28 U.S.C. §1441(a).

Considering the allegations in the light most favorable to the plaintiff, plaintiff has alleged sufficient facts to establish that Ross, as a store manager, had a duty to take reasonable safety measures to protect patrons from foreseeable risks. Defendant has failed to prove that there is no reasonable possibility of recovery against non-diverse defendant Ross, and her citizenship should be considered when determining whether diversity jurisdiction exists in this matter.

Accordingly,

**IT IS RECOMMENDED** that the motion to remand should be **GRANTED**, and that this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 31, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL W. BENNETT** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-295-RET-DLD** |
| **STRATEGIC RESTAURANTS ACQUISITION COMPANY, L.L.C., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 31, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**